IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROQUE "ROCKY" DE LA FUENTE and ADANYS CLERCH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:16-CV-755-WKW [WO] |
| JOHN H. MERRILL, Secretary of State for the State of Alabama, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is Plaintiffs' Amended Complaint (Doc. # 7), which has been construed as containing a motion for a preliminary injunction. Plaintiffs challenge the constitutionality of Alabama's "sore loser" statute, Ala. Code § 17-9-3(b), as applied to bar Plaintiff Roque "Rocky" De La Fuente from appearing as a candidate for President on the general-election ballot. Plaintiffs seek declaratory and injunctive relief against the statute's application. An on-the-record telephonic hearing was conducted on September 27, 2016 (*see* Docs. # 19, 20), and the parties have briefed the matter on an expedited schedule (Docs. # 13, 14, 22). Plaintiffs' motion for a preliminary injunction will be denied, as set out in this order; because of the time-sensitive nature of the matter, the court's full memorandum opinion will issue later.

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). To prevail on a motion for a preliminary injunction, the moving party bears the burden of demonstrating that:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cty. Sch. Bd.,* 557 F.3d 1177, 1198 (11th Cir. 2009) (*quoting Siegel v. LePore,* 234 F.3d 1163, 1167 (11th Cir. 2000)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites." *Id.*

Plaintiffs have shown that "irreparable injury"—namely, Mr. De La Fuente's exclusion from the Alabama general-election ballot—may result unless an injunction issues. (*See* Doc. # 7 at 11.) But Plaintiffs cannot show a substantial likelihood of success on the merits. *See Am. Civil Liberties Union of Fla., Inc.*, 557 F.3d at 1198. Plaintiffs have alleged claims arising under the Qualifications Clause, the First Amendment (as incorporated by the Fourteenth Amendment, *see Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 707 (1931)), and the Fourteenth Amendment

Equal Protection Clause.[1]  (Doc. # 7 at 12–13.)  Upon careful consideration, these claims fail, as will be explained in the memorandum opinion to follow.

Accordingly, it is ORDERED that Plaintiffs' motion for a preliminary injunction (Doc. # 7) is DENIED.

DONE this 30th day of September, 2016.

                                                          /s/ W. Keith Watkins
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have also argued for a species of estoppel based on Lyndon LaRouche's inclusion on Alabama's 1992 general-election ballots despite his defeat in the Democratic presidential primary of that year.  (Doc. # 22 at 10–12.)  Plaintiffs support this "due process/reliance/waiver/estoppel argument" (Doc. # 22 at 7 n.3) with one-and-a-half pages of argument, half a footnote, and two district-court opinions, one from Rhode Island and one from Michigan.  These cases, like Plaintiffs' argument, fail to persuade.