IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROQUE "ROCKY" DE LA FUENTE and ADANYS CLERCH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:16-CV-755-WKW [WO] |
| JOHN H. MERRILL, Secretary of State for the State of Alabama, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion to dismiss filed by Defendant John H. Merrill. (Doc. # 25.)  Because Plaintiffs' First Amended Complaint (Doc. # 7) fails to state a cognizable claim, the motion is due to be granted and this action dismissed with prejudice.

## I.  JURISIDCTION AND VENUE

The court has subject-matter jurisdiction under 28 U.S.C. § 1331, and the parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard articulated by Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 provides that the complaint

must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  The court need not, however, accept mere legal conclusions as true.  *Id.* at 1325.

To survive a 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.  DISCUSSION

The court already has written at length to the background of this case and the validity of Plaintiffs' claims.  *De La Fuente v. Merrill*, 214 F. Supp. 3d 1241 (M.D. Ala. 2016); (Doc. # 27).  The facts and challenged statutory framework will not be rehashed.

Similarly, the court will not repeat its discussion of the merits of Plaintiffs'

challenge. *De La Fuente*, 214 F. Supp. 3d at 1252–1259; (Doc. # 27 at 19–33).[1]  In

the prior opinion, the court considered Mr. De La Fuente's arguments and found that

Plaintiffs failed to establish a substantial likelihood of success on their claims under

the Qualifications Clause, First Amendment, and Equal Protection Clause.  Just as

this analytical framework demonstrated that Plaintiffs were unlikely to succeed on

the merits, it establishes that, as a matter of law, Plaintiffs cannot state a claim to

relief.[2]  Accordingly, Defendant's motion to dismiss is due to be granted.  *See Dusek*

*v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (articulating

standard governing 12(b)(6) motions to dismiss).

Plaintiffs' new arguments in their opposition brief do not change this result.

(*See* Doc. # 32.)  First, Plaintiffs urge that the factual merits of their claims are the

topic of Defendant's 12(b)(6) motion, but that is not the case.  While it is true that a

motion to dismiss does not test the truth of a plaintiff's factual claims, *Dusek*, 832

F.3d at 1246, Plaintiffs miss the substance of the motion, as well as the inherent

power of the court to dismiss an action.  Dismissal is proper "when, on the basis of

---

[1] To be clear, this opinion rests on purely legal considerations as set out in the prior opinion (Doc. # 27), not on equitable or factual issues addressed there.

[2] Transferring the court's preliminary-injunction analysis to its 12(b)(6) inquiry is also proper here because the discussion of the merits of Plaintiffs' claims did not consider matters beyond the face of the complaint and the applicable law. *See Starship Enters. of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013) (forbidding, as a general rule, 12(b)(6) analysis of materials beyond "the face of the complaint and attachments thereto").

a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).   Dismissal is the destination of Plaintiffs' legal arguments here, as amply explained in the prior opinion.

Second, Plaintiffs point to *Bergland v. Harris* for the proposition that the court cannot enter judgment for Defendant absent some proof of his asserted justifications for the sore loser law.  *See* 767 F.2d 1551 (11th Cir. 1985).  But, to the extent *Bergland* requires "'a particularized showing' of common State interests like 'voter confusion, ballot overcrowding, or the presence of frivolous candidacies prior to the imposition of reasonable restrictions on ballot access,'" it was overruled by the Supreme Court in *Munro v. Socialist Workers Party*, 479 U.S. 189 (1986).  *De La Fuente*, 214 F. Supp. 3d at 1257 (quoting *Munro*, 479 U.S. at 194–95); (Doc. # 27 at 29–30).   These are the sort of interests claimed by Secretary Merrill, and accordingly Alabama's "reasonable restriction[ ] on ballot access" will stand even without proof that voters are already confused, parties already splintered, or election integrity already compromised.  *See Munro*, 479 U.S. at 195.

Third, and on a related point, Plaintiffs argue that Alabama's reduced interest in national elections undermines its application of the sore loser law to the Presidential election.  *See Anderson v. Celebrezze*, 460 U.S. 780, 794–95 (1983) (recognizing the lesser state interest "in regulating Presidential elections" as opposed

4

to "state-wide or local elections").   Yet the challenged statute is the sort of "reasonable, nondiscriminatory restriction[ ]," which may be upheld on the basis of "a State's 'important regulatory interests.'"   *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) (quoting *Burdick v. Takushi*, 504 U.S. 428, 434 (1992)).

The court addressed these "important regulatory interests" in its prior opinion. *De La Fuente*, 214 F. Supp. 3d at 1256–57; (Doc. # 27 at 27–30).   To the extent that the State's concerns of political stability lose their heft in the national arena, Alabama's interest in attracting national political parties becomes even weightier in a Presidential election.   Moreover, the few courts to have confronted a state's application of a sore loser law to keep a Presidential candidate off the ballot have recognized the state's strong interest in safeguarding honest elections and in the integrity of its ballot-access procedures, further undermining Plaintiffs' argument. *E.g.*, *Libertarian Party of Mich. v. Johnson*, 905 F. Supp. 2d 751, 766 (E.D. Mich. 2012); *Nat'l Comm. of U.S. Taxpayers v. Garza*, 924 F. Supp. 71, 75 (W.D. Tex. 1996).

Finally, Plaintiffs assert that "[t]here is no logical difference" between a sore loser law like Alabama's and the term limits found unconstitutional in *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779 (1995).   (Doc. # 32 at 13.)   As they see it, a term limit denies ballot access to those who have won elections, whereas a sore loser

law denies ballot access to those who have lost elections.  This similarity is said by Plaintiffs to compel the law's invalidation under the Qualifications Clause.

This logic is too clever by half, for three reasons.  First, Plaintiffs elide the basic difference between ballot placement of electoral winners and ballot placement of electoral losers.  Denying general-election ballot access to a primary loser no more imposes an improper qualification on office than does denying the office itself to a general-election loser.  Second, primary elections are not standalone contests, but rather form "an integral part of the entire election process."  *Storer v. Brown*, 415 U.S. 724, 735 (1974).  Barring a primary loser from the general-election ballot is no different from excluding a would-be independent candidate who fails to collect the requisite number of signatures—in both instances, the candidate failed to clear a threshold procedural hurdle, thus dooming his run for office.  This dovetails with the third reason:  At root, the sore loser law regulates *how* to access the ballot, not *who* can access it.  The law therefore falls on the "procedural" side of the Eleventh Circuit's line between procedural election regulations (which are constitutional) and substantive qualifications for office (which are not).  *Cartwright v. Barnes*, 304 F.3d 1138, 1143 (11th Cir. 2002) (*per curiam*).  Therefore, Plaintiffs cannot escape the conclusion that their complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's motion to dismiss

(Doc. # 25) is GRANTED. It is further ORDERED that this action is DISMISSED

with prejudice.

A final judgment will be entered separately.

DONE this 30th day of August, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
